UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS RAMON RECIO VASALLO,<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-07607-DAD-CKD (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. No. 11) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 27, 2026, the magistrate judge issued findings and recommendations recommending that the petition (Doc. No. 1) be granted. (Doc. No. 11.) Specifically, the magistrate judge concluded that petitioner's re-detention violated due process. (*Id.*) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days of service. (*Id.*) On October 29, 2026, respondent filed objections to the findings and recommendations. (Doc. No. 12.) In its objections, respondent argues that petitioner is mandatorily detained pursuant to 8 U.S.C. § 1225(b) and is not entitled to any due process beyond that which Congress has authorized in

that statute. (*Id.*) Respondent's objections, however, fail to meaningfully engage with the magistrate judge conclusion that petitioner's detention violated due process. The undersigned has similarly held that the government violates due process when it re-detains a petitioner who was previously released into the United States without notice or a pre-deprivation hearing because they acquired a liberty interest in their continued freedom from detention. *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *2–5 (E.D. Cal. Dec. 9, 2025). As the magistrate judge concluded, and as is supported by the documentation submitted by the parties, petitioner was re-detained without a pre-detention hearing after he had previously been paroled into the United States. (Doc. Nos. 9-1 at 2; 11.) Accordingly, pursuant to the reasoning set forth in *Chavarria*, the court concludes that petitioner's re-detention violates due process. Therefore, the court rejects respondent's objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations issued on October 27, 2026 (Doc. No. 11) are ADOPTED in full;
2. Petitioner's petition for writ of habeas corpus, (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Nicolas Ramon Recio Vasallo, A-File No. 244-255-587, from respondent's custody on the same conditions, if any, he was subject to prior to his re-detention on or about August 26, 2026;

/////

/////

/////

/////

b. Respondent is ENJOINED and RESTRAINED re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a pre-deprivation hearing before an immigration judge at which hearing the government will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;

3. The Clerk of Court is directed to serve the Mesa Verde Detention Facility with a copy of this order; and

4. The Clerk of Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 3, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE